IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANDY RYAN HEIN,

                              Petitioner,

   v.                                                            OPINION & ORDER

STATE OF WISCONSIN,                             15-cv-261-jdp

                              Respondent.

---

Petitioner Shandy Hein is in state custody after being found not legally responsible on several criminal counts by reason of mental disease or defect. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid an initial partial filing fee and this case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In reviewing this pro se petition, I must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After considering petitioner's filings and the records from his state court proceedings, I conclude that his petition does not appear to be timely and that he has likely procedurally defaulted the three claims that he presents for habeas review. But I will give petitioner an opportunity to respond to this order and explain why I should not dismiss his petition.

FACTS

I draw the following facts from the petition and from publically available information about petitioner's criminal case.

In July 2010, the state filed a three-count criminal complaint against petitioner, charging that he: (1) fled an officer while operating a vehicle; (2) resisted or obstructed an

officer; and (3) engaged in disorderly conduct. Petitioner pleaded no contest to these charges, and the Wisconsin Circuit Court for Fond Du Lac County found him guilty but not legally responsible by reason of mental disease or defect. On November 10, 2010, the court committed petitioner to state custody for a period of six years and four months.

Petitioner did not appeal, although his petition indicates that he "tried (lawyer was on vacation)." Dkt. 1, at 2. He filed several motions in the trial court, many of which were petitions for conditional release. The court denied all but the most recent of these petitions.[1] Petitioner's other filings included a motion to withdraw his plea, a motion to amend the court's decision, and several requests to be placed in a less restrictive environment. The court denied each of these requests.

Petitioner filed a petition for a writ of habeas corpus in this court on May 4, 2015.

ANALYSIS

Petitioner's petition is difficult to understand. He identifies three grounds for habeas relief, but it is not clear why he believes that his commitment to state custody is in violation of his constitutional rights. First, petitioner contends that he was given a lengthy commitment "for [his] act of some of the truth of the charges." *Id.* at 5. Second, petitioner contends that he "wasn't speeding at a high speed to elude if you time factor from the time Winnebago gave chase to the moment state trooper proceeded to follow me [in an] under cover vehicle." *Id.* at 7. Third, petitioner contends that he was not given a plea bargain and

---

[1] The state court approved petitioner's conditional release plan on March 7, 2016. But petitioner is still in state custody for purposes of § 2254 because the state court can revoke his release at any time until his commitment order expires. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989).

was charged as a repeater for disorderly conduct while intoxicated at a police station. Although federal habeas relief is available to defendants who are found not guilty by reason of mental disease or defect, *see, e.g.*, *Skamfer v. Pollard*, No. 14-cv-0786, 2015 WL 1840128, at *2 (E.D. Wis. Apr. 22, 2015), *certificate of appealability denied*, (June 18, 2015), petitioner must overcome two procedural issues before I can review the merits of his petition.

The first procedural problem is that petitioner's petition does not appear to be timely. Under 28 U.S.C. § 2244(d), a petitioner has one year to apply to a federal court for a writ of habeas corpus. The one-year limitation period begins to run from the latest of: (1) the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).[2] The state court committed petitioner to state custody on November 10, 2010. Petitioner had 20 days to seek review of his commitment by filing a notice of intent to pursue postconviction or postdisposition relief. Wis. Stat. § 809.30(2)(b); *see also Skamfer*, 2015 WL 1840128, at *2. Because petitioner did not seek review, his commitment became final on November 30, 2010. This means that his deadline for filing a federal habeas petition was November 30, 2011.

---

[2] Time during which petitioner had a postconviction motion or other collateral attack pending in state court would not count against this one-year time limit. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed this petition on May 5, 2015, three and a half years after his deadline for doing so. Under *Holland v. Florida*, the one-year limitations period is subject to equitable tolling if petitioner shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. 560 U.S. 631, 649 (2010). But petitioner has not offered any reason to conclude that equitable tolling would be appropriate in this case. Thus, his petition is untimely unless he can establish that I should use one of the alternative dates set forth in subsections (B) through (D) as the start of his one-year limitations period. At this point, it does not appear that any of these alternative dates apply.

Petitioner may also avoid the one-year time limit by arguing for an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To qualify for this narrow exception, petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner must show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

The second procedural problem with petitioner's petition relates to exhaustion. Before I can consider the merits of petitioner's petition, he must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a habeas petitioner to fully and fairly present his claims to the state courts so that they have a meaningful opportunity to consider the

4

substance of those claims and correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To "fairly present" a federal claim, a habeas petitioner must "assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir.), *cert. denied sub nom.*, *Richardson v. Pfister*, 135 S. Ct. 380 (2014). This "requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)).

In his petition, petitioner checked several boxes to affirmatively indicate that he did not raise his three grounds for habeas relief through one full round of state court proceedings. Dkt. 1, at 6-7, 9. Indeed, petitioner alleges that he did not seek *any* appellate review of his commitment or of the trial court orders denying his various motions. *Id.* at 2-5. Thus, petitioner has procedurally defaulted his habeas claims. *Richardson*, 745 F.3d at 268. When a petitioner has procedurally defaulted his claims, habeas review is available only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for the default means "that some objective factor" prevented compliance with the state's procedural rules. *Id.* at 753. "Prejudice" means that the alleged violations "worked to [the petitioner's] *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional

5

dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (original emphasis). A fundamental miscarriage of justice occurs when the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Because procedural default is an affirmative defense, petitioner did not have to discuss cause and prejudice or actual innocence in his petition. *See Perruquet*, 390 F.3d at 515. But I may require petitioner to address an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that [the defense] renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). Petitioner has not offered any reason for me to excuse his procedural default, and I will require him to do so before serving the state with his petition.

I will give petitioner an opportunity to explain why his petition should not be dismissed. Petitioner must address both the timeliness of his petition and his apparent procedural default because either deficiency, alone, would require dismissing his petition. To overcome the issue of timeliness, petitioner must provide any information that he has to show that: (1) the petition is timely under § 2244(d); (2) he qualifies for equitable tolling; or (3) he should be excused from the one-year limitations period because he is actually innocent. As for petitioner's procedural default, he must identify: (1) what cause he may have for failing to properly present his defaulted claims to the state courts and what prejudice he will suffer as a result of his failure to properly raise these claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If petitioner fails to show that his petition is timely *and* that I can overlook his procedural default, then I will dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Shandy Ryan Hein may have until April 26, 2016, to respond to this order and show cause why his petition should not be dismissed.

2. If petitioner fails to timely respond, then I will dismiss this petition.

Entered April 5, 2016.

                                        BY THE COURT:
                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge